IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20514
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DONALD DEE RAPIER, also known as Donald D. Rapier,

                                        Defendant-Appellant.



--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-76-ALL
--------------------
March 17, 2003


ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]


     Donald Rapier was convicted, following guilty pleas, of one

count of foreign or interstate transportation of child pornography

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

and one count of possession of child pornography. This court affirmed. See United States v. Rapier, No. 00-20514 (Jan. 24, 2002) (unpublished), vacated, 123 S. Ct. 69 (2002). The Supreme Court vacated and remanded for reconsideration in light of Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002).

Following remand, the parties were directed to address the effect, if any, of Free Speech Coalition and whether the matter should be remanded to the district court for further proceedings. We do not regard the Supreme Court's remand for reconsideration as invalidating the conviction and sentence. See United States v. Slanina, 313 F.3d 891, 892 (5th Cir. 2002). Because Free Speech Coalition does not affect the viability of Rapier's guilty plea, we AFFIRM for the reasons expressed in our original opinion, with the following additional explanation:

In Free Speech Coalition, 535 U.S. at 254-58, the Court determined that, because the provisions of 18 U.S.C. § 2256(8)(B) and (D), which define "child pornography," extend to visual depictions that do not involve actual minors, and thus prohibit the freedom to engage in a substantial amount of lawful speech, they are overbroad and unconstitutional. The Court noted that the definition found in § 2256(8)(A) prohibits pornographic images made using actual minors, a prohibition acceptable under United States v. Ferber, 458 U.S. 747 (1982). See Free Speech Coalition, 535 U.S. at 241.

At Rapier's rearraignment, the district court employed only the definition provided by § 2256(8)(A). This provision was unaffected by the decision in Free Speech Coalition, and it remains

viable.  See <u>United States v. Paul</u>, 274 F.3d 155, 160-61 (5th Cir. 2001), <u>cert.</u> <u>denied</u>, 535 U.S. 1022 (2002); <u>United States v. Reedy</u>, 304 F.3d 358, 364 n.3 (5th Cir. 2002); <u>United States v. Kelly</u>, 314 F.3d 908, 911-913 (7th Cir. 2003).  Because Rapier pleaded guilty to offenses involving visual depictions of actual minors, <u>Free Speech Coalition</u> does not affect the validity of his convictions. Although Rapier's indictment also contained the definitions struck down by <u>Free Speech Coalition</u>, these definitions were independent of, and unnecessary to, the offenses of which he pleaded guilty and thus are not fatal to his convictions.  See <u>United States v. Nunez</u>, 180 F.3d 227, 233 (5th Cir. 1999).

The issues raised by <u>Rapier</u> on direct appeal are unaffected by <u>Free Speech Coalition</u>.  The judgment is AFFIRMED.